The Optiitbsr hr the Court. — In this case the appellant claims the land in dispute by virtue of his elder patent; and the appellees claim, it .by virtue of an ehtry made on the 19th day of May 1780, in the name of ¡Reuben 'Young, for five hundred: acres, which is in the following words, to wit: “¡Reuben Young enters 500 acres upon T. :W. adjoining his former entry on the head of Willis Lee’s branch, to join on the lower side of •his entry, and to run down the branch for quantity,” and which is of earlier date than the, entry upon which the appellant’s patent issued; Reuben .Young’s former entry, above referred to, was .made on the 27th day of *83 April 1780, and is in the following Words, to wit: ⅛ Reuben Young, assignee of Griffen Johnson, enters 50 acres, assignee same 50, upon military Warrants, on the head of Willis Lee's btanch, 4 miles from Leesburg^ to include the head of said branch, and running down for quantity.” . ,
It Will therefore be necessary to inquire, first, whether the general court did right in sustaining the said entry of 500 acres ? And, if so, secondly, whether it ought to have been surveyed at the place and in the manner directed by the decree of the general court ?
Upon the first question, it may be sufficient to observe, that the witnesses on both sides concur in proving that Willis Lee’s branch was generally called and known by that name by those who were conversant in that quarter of the country, at, and before, the time Reuben Young's entries, or either of them, were made. It is also proved by a number of the witnesses, that Willis Lee and others, sometime in the year 1775, made an improvement and encampment at the spring where George Carlyle lives, which is the place now contended for as the head of Willis Lee’s branch by the appellees : and that from that time the spring was called, “ Willis Lee’s big spring,” and the branch flowing from it “ Willis Lee’s branch.” From these facts, this court is of Opinion that Willis Lee’s branch was an object of sufficient notoriety to furnish a guide to subsequent locators. And although it appears from the proofs in the cause that the locator was mistaken in supposing the head of Willis Lee’s branch was four miles from Leesburg, as described in the said entries, the real distance being proved to be not less than. 11 miles ; yet from the degree of notoriety which it is proved Willis Lee’s branch had acquired as early as the fall of the year 1779, an inquirer- could not have been led astray by that mistake. This court is therefore of opinion the general court did right in supporting the entry of the appellees, if the “ head of Willis Lee’s branch,” at the time the said entry was made, can be sufficiently ascertained.
And this inquiry will naturally be made in the consideration of the second question — -whether the entry under which the appellees claim ought to have been surveyed at the place and in the manner directed;by the decree of the general court ?
*84 It is contended on the part of the appellant, that the big pond laid down on the connected plat is the head of Willis Lee’s branch, and that it was so called at the time the appellees’ entry was made. On the part of the appellees, it is contended, that Willis Lee’s big spring, where George Cariyle lives, is the head of Willis Lee’s branch, and that it was so understood and generally called at the time Reuben Young’s entries were made.
In settling this question, the court has felt some difficulty, on account of the contradictory testimony on this point; and because this court possess not the same opportunities of weighing the characters and credibility of the witnesses, which a jury hearing oral testimony would have. But from a mature consideration of the depositions in the cause, the court is of opinion the general court did right in considering Willis Lee’s big spring as the head of Willis Lee’s branch called for in Reuben Young’s entries, under the latter of which the appellees claim. And this court feels itself bound so to determine from the following considerations :
First — -The witnesses proving that to be the head of Willis Lee’s branch are much the most numerous, and give a natural and rational account as to the cause of its being so called and considered at the time the entries were made. And the witnesses who prove that the pond was considered the head of Willis Lee’s branch, as contended by the appellant, assign no satisfactory reason why the name of Willis Lee’s branch was expended higher up than Willis Lee’s big spring, from which the branch flowed, and from which it is proved to have taken its name.
Secondly — It is not satisfactorily proved that any thing which could with propriety be called a branch, in fact existed, between the pond and Willis Lee’s big spring, at the time Reuben Young’s entries were made, or at any time after, until the springs in the neighborhood of the pond were improved by the settlement of the country and cultivation of the land ; but the contrary seems to be pretty clearly established.
Thirdly — It seems obvious from the whole circumstances attending the origin of the name of Willis Lee’s branch, that Willis Lee’s big spring, from which it flowed, and from which it took its name, would naturally he considered, and was considered the head of Willis Lee’§ branch at the time those entries were made.
*85 It seems to this court that the decree of the general court is not entirely correct as to the manner in which it directs the entry of 500 acres, under which the appel-lees claim, to be surveyed ; but the error is beneficial to the appellant. — .—Decree affirmed.
A re-hearing of this cause was moved for and overruled.*

 In the cafe of Ward and Kenton vs.Lee^ ajjignee cf Young, fail term i8o3, it is ftated that a call for the head of a water courle, as a locative call, is, in “■ *r /£. ttr